884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arturo B. ABENIR, Plaintiff-Appellant,
v.
Preston R. TISCH, Postmaster General, United States Postal
Service, Washington, D.C., Defendant-Appellee.
 No. 88-3615.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1989.
Decided Aug. 15, 1989.
 
 James Arthur Winstead for appellant.
 David George Karro (Henry E. Hudson, United States Attorney, Michael Rhine, Assistant United States Attorney, Jesse L. Butler, Assistant General Counsel on brief) for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Arturo B. Abenir appeals a final judgment in favor of the Postmaster General of the United States Postal Service. In the trial to the court below Abenir attempted to prove that the Postal Service violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-16, by making personnel decisions on the basis of his race, color, national origin and history of protesting employment discrimination.
 
 
 2
 He contends here that the district court made clearly erroneous factual determinations when it found race was not a motivating factor in the appellee's decision to select others, not of his race, for positions he sought and when it found that plaintiff did not suffer reprisals or retaliations from his employer for having registered complaints about discrimination. For reasons that follow we affirm.
 
 
 3
 Mr. Abenir, who is a Philipino-American of the Malayan race, was first employed by the Postal Service in December of 1977 as a maintenance electrician and he held that position into the period covered by this case. Initially before the Equal Employment Opportunity Commission and later in the trial which provided the genesis for this appeal, appellant claimed that Postal Service supervisors made seven adverse personnel decisions because of his race or national origin or in retaliation for his having protested previous adverse and discriminatory decisions.
 
 
 4
 In addition to the findings previously noted, the trial court found that Abenir had proven, at best, that one or more of the assailed personnel decisions made by the appointing officer, Mr. Richter, may have been based in part on personal animosity entertained by Richter toward appellant. The court, however, specifically found that race or national origin was not a motivating factor in Richter's personal animus. The court further found that Abenir wholly failed to prove that the appellee's articulated reasons for making personnel decisions adverse to him were pretexts of discrimination.
 
 
 5
 Abenir proceeded at trial on a disparate treatment theory of proof. Under this method of proof, demonstration of a discriminatory motive on the part of the employer is critical to the success of a plaintiff's case. Teamsters v. United States, 431 U.S. 324, 335-336 (1976). The determination of motive is an issue of fact. Pullman-Standard v. Swint, 456 U.S. 273, 287-290 (1982).
 
 
 6
 After a two-day trial, the district court thoroughly analyzed the evidence presented and made detailed findings of fact on the controlling questions, all of which involved the employer's motivation toward Abenir. The trial court's factual determinations are subject to the "clearly erroneous" review standard of Rule 52(a) of the Federal Rules of Civil Procedure. Anderson v. Bessemer City, 470 U.S. 564 (1985).
 
 
 7
 As Judge Phillips observed for the Court in Dwyer v. Smith, 867 F.2d 184, 187 (4th Cir.1989):
 
 
 8
 "..., we may only reverse the district court's findings ... if we conclude that the ultimate determinations 'were induced by an erroneous view of the controlling legal standard; or are not supported by substantial evidence; or were made without properly taking into account substantial evidence to the contrary or are against the clear weight of the evidence considered as a whole.' " (citations omitted).
 
 
 9
 Our review of the record supports the conclusion that the trial court's findings on the ultimate issues were not clearly erroneous, applying the Dwyer analysis. Id.
 
 
 10
 AFFIRMED.